IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA

JOHNNY BROWN, #110326                    )
Full name and prison number              )
Of Plaintiff(s)                          )
                                         )
v.                                       )    CIVIL ACTION NO.) 2·07cv1123-MHT
                                         )    (To be supplied by Clerk of
Alabama Pardon & Paroles et. al.,        )    U.S. District Court)
                                         )
Victims Of Crimes Against Leniency et. al.  )
                                         )
Governor Bob Riley et. al.,              )
                                         )
Honorable Troy King et. al.,             )    Demand for Jury Trail
                                         )
                                         )
Name of person(s) who violated           )
Your constitutional rights.              )
(List the names of all                   )
persons.)                                )

I.  PREVIOUS LAWSUITS
    A.  Have you begun other lawsuits in state or federal court
        dealing with the same or similar facts involved in this
        action?   YES ( )   NO (X)

    B.  Have you begun other lawsuits in state or federal court
        relating to your imprisonment?  YES ( )   NO (X)

    C.  If your answer to A or B is yes, describe each lawsuit
        in the space below. (If there is more than one lawsuit,
        describe the additional lawsuits on another piece of
        paper, using the same outline.)

        1.  Parties to this previous lawsuit:

            Plaintiff(s) _____N/A_____

            Defendant(s) _____N/A_____

        2.  Court )if federal court, name the district; if
            state court, name the county)_____N/A_____

1

    3.    Docket number _____N/A_____

    4.    Name of judge to whom case was assigned ___N/A___

    5.    Disposition (for example: Was the case dismissed? Was it appealed? Is it still pending?) ___N/A___

    6.    Approximate date of filing lawsuit ___N/A___

    7.    Approximate date of disposition ___N/A___

II.    PLACE OF PRESENT CONFINEMENT ___Limestone Correctional Facility___

PLACE OF INSTITUTION WHERE INCIDENT OCCURRED ___Limestone C.F.___

III.    NAME AND ADDRESSES OF INDIVIDUAL(S) YOU ALLEGE VIOLATED YOUR CONSTITUTIONAL RIGHTS.

        NAME                              ADDRESS

1. Sidney Williams @ 301 South Ripley Street BLD#D, Montg. Ala. 36130
2. Valinda Weatherly                  (same as above)
3. Robert Longshore                (same as above)
4. Governor Bob Riley @ 600 Dexter Ave, Rm#104, Montg. Ala. 36130
5. Honorable Troy King @ 11 South Union St. Montg. Ala. 36130
6. Victims of Crime Against Leniency (VOCAL) (same as No#1 thru #3)

IV.    THE DATE UPON WHICH SAID VIOLATION OCCURRED ___November 2007___

V.    STATE BRIEFLY THE GROUNDS ON WHICH YOU BASE YOUR ALLEGATION THAT YOUR CONSTITUTIONAL RIGHTS ARE BEING VIOLATED:

GROUND ONE:    Denial of Effective Due Process of Art I, U.S.C. 14th. Amend. ["Defendants commissioned improprieties in my respective parole proceeding"]

**STATE BRIEFLY THE FACTS WHICH SUPPORT THIS GROUND. (state as best you can the time, place and manner and person involved)**

My 2007 Parole denial was the direct results of Alabama's unconstitutional political policy orchestrated by Pardon & Parole Board members Mr. Wynn, Mr. Longshore, Mrs. Weatherly through collusion, conspiracy with co-defendants Bob Riley, Troy King and Vocal members et. al., politically predisposing me of a[ny] proper discretionary review rendering the hearing process fundamentally unfair; treating me dissimilar with respects to the laws compared to non-violent offenders inapposite to the Due Process Clause of the Fourteenth Amendment of the United States Constitution ["Contravening Ala. Bd. of Paroles Rules, Reg. Proc Art IV through VI."]

**GROUND TWO:** Denial of the Equal Protection Clause of U.S. Const. 14th. Amend.

["Defendants principal decision was procedurally infected by *deceit, bias, prejudice* "]

**SUPPORTING FACTS:** Brown maintains overt *procedures* were used by the Pardon & Parole Board in November of 2007 -arbitrarily and capriciously denied him of the discretionary review for proper consideration based upon *erroneous –false information* {Brown is not changing while in prison, has behavioral problems"}, absent 1st. hand knowledge, visits, or otherwise to authenticate, verify said assertions made by an adverse party –commingling with Vocal et. al., through collusionary acts by Troy King et. al., and Governor Riley's political party –in violation of equal protection principles as-applied to similar incarcerated prisoners being reviewed for parole –Alabama utilized a blanket-styled denial policy –due to the nature, degree of offense, And upholding an illegal -sentence That's Imposed upon Brown by The court.

**GROUND THREE:** *Ex Post Facto Clause* Violation of Article I, § 10, cl. 1 U.S. Const. Amend.

["Defendants retroactively promulgated additional strictures to §15-22-28(e), Code of Ala.1975"]

**SUPPORTING FACTS:** Defendants retroactively in 2002 (by amendment) increased the time for which my next parole review date would be reviewed –by increasing said three (3) year term (Act 1979, No#79 –154) to five (5) years –which was not in effect at the time I was convicted/sentenced in 1978; said aggregated enactment violates Article 1, §10, cl. 1 as-applied to §15-22-28(e) mandates in place when conviction/sentence were invoked in 1978 –inapposite to the 2007 setoff of next review set for 2011; inclusive to allowing an adverse party –not entitled to NOTICE by statute –speak against parole inapposite to State law doctrine governing the Boards authority, power promulgated by Legislation {Contravening Ala. Bd. of Paroles Rules, Reg. Proc. Art IV through VI} violating Article V, § 124, Ala Const. 1901 inclusive to usurping §§15-22-20, 24 –26, 28, 36 Code of Ala. 1975, *inter alia*.

3

VI. STATE BRIEFLY EXACTLY WHAT YOU WANT THE COURT TO DO FOR YOU. MAKE NO LEGAL ARGUMENT. CITE NO CASES OR STATUTES.

Brown seeks §1983 action for Prospective declaratory and injunctive relief challenging both, the retroactive and constitutionality of Alabama's unfair, discriminatory parole procedures that would render invalid Alabama's procedures used to deny (i) parole eligibility, and / or (ii) parole suitability in accord with *Wilkinson v. Dotson*, 544 U.S. 74 (2005) holdings; ORDER Def's. to GRANT Brown an immediate parole hearing in accordance with statutory laws and administrative rules in place, at the time when, if any crime (actually) occurred in Alabama on or about in 1977 –78. BROWN, SEEKS 1.5 MILLION dollars INPUNITIVE AND deClAMATORY dAMAGES.

JOHNNY BROWN, AIS# 110326

I declare under penalty of perjury that the foregoing is true and correct.

EXECUTED on _Dec. 18, 2007_.
(Date)

JOHNNY BROWN, #110326
Acting in pro per #182262
Limestone Corrections Facility
28779 Nick Davis Road
Harvest, Alabama 35749-7009

4



