IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| JOHNNY BROWN, #110326 | * | |
| PLAINTIFF, | * | |
| Vs. | * | 2:07-CV-1123-MHT (WO) |
| ALABAMA PARDON & PAROLES et. al., | * | |
| DEFENDANTS. | * | |

## OBJECTION TO MAGISTRATES RECOMMENDATION

COMES NOW Johnny Brown (hereinafter "BROWN") and moves this Court to accept and *Grant* relief as judicial comity necessitates herein, as follows:

First and foremost it must be respectfully pointed out that Brown had not **named** as Defendants: "the *Alabama Board of Pardon & Paroles*" ("the Board") but merely listed said title inclusive to "et. al." as such on the cover page of his §1983 civil complaint, as a mere formality.    This Court well knows better than Brown, that claims as to whom actually violated certain specific violations, as herein, are prima facially listed on page 2 of said §1983 complaint form, under Section III, entitled "Name and Address of individual(s) you allege violated your Constitutional Rights," **Id.**    Clearly    Brown's Document #1 predicates sufficient proof that Brown was suing certain –specific named defendants, not the departmental agency itself, as in artfully pleaded –factually speaking now objected too.

Brown requests from the District Judge –the Honorable M. Thompson, that said civil complaint be reviewed under the doctrine of *Haines v. Kerner,* 404 U.S. 519, 30 L.Ed.2d 652, 92 S.Ct. 594 (1972)(concerning general rules pro se pleadings . . .), simply

because Brown merely labeled the cover sheet with the agency, primarily responsible for the violation, did not mean a suit was against the agency -the facts mentioned on page 3 (Doc#1) listing three (3) unique and separate succinct claims factual enough to specifically name each of the individual named defendants, albeit collectively, separately allow Defendants to plead an affirmative defense, if ones warranted, at this early stage.

In the landmark decision *Ex parte Young,* 209 U.S. 123, 52 L. Ed. 714, 28 S. Ct. 441 (1908), the Supreme Court recognized an exception to the general rule that a state official, acting in his official capacity, is immune from suit. The Young court held that the Eleventh Amendment does not prevent federal courts from granting prospective injunctive relief to prevent a continuing violation of federal law by a state official. *Id.* at 155-56, 159. In *Eldeman v. Jordan,* the Supreme Court interpreted Young expansively, holding that a federal court may impose an injunction that governs the official's future conduct but not one that awards retroactive monetary relief. 415 U.S. 651, 664-66, 39 L. Ed. 2d 662, 94 S. Ct. 1347 (1974).

Simply put, the Magistrate misconstrued Brown's complaint, the Eleventh Amendment does not bar claims for equitable relief against the individual Defendants in their official capacities, as long as those claims are only for prospective injunctive relief. *Ex Parte Young,* supra.    Young and its progeny provide for prospective injunctive relief for an ongoing violation of federal law, and Brown requested for *"prospective declaratory and injunctive relief,"* against further, future discriminatory actions. Therefore, the Eleventh Amendment as to the individual Defendants does not bar these claims in their official capacity, inapposite as was subjectively asserted by Magistrate Coody at page 2 under ¶ 1 @ Discussion.

2

Moreover, the Eleventh Amendment sovereign immunity does not apply to bar relief under 1983 when a state official is sued for prospective injunctive relief to "end a continuing violation of federal law," as was alleged, requested by Brown. *See Seminole Tribe of Florida,* 517 U.S. 44, 73, 116 S. Ct. 1114, 134 L. Ed. 2d 252 (1996). Although "neither a State nor its official acting in their official capacities are 'persons' under 1983," *Will v. Michigan Dept. of State Police,* 491 U.S. 58, 71, 109 S. Ct. 2304, 105 L. Ed. 2d 45 (1989), a state official sued for prospective injunctive relief in his or her official capacity is a person under 1983, *see id.* at 71 n.10 , as are state officials sued in their individual capacities. *See Hafer v. Melo,* 502 U.S. 21, 31, 112 S. Ct. 358, 116 L. Ed. 2d 301 (1991), thus Brown's named Defendants should be allowed to plead the defense, not the Court, as previously ordered by the Court on January 9th. 2008 whereas first the magistrate stated: "*The Magistrate Judge has reviewed the complaint and determined that this pleading cannot be properly and effectively processed by the court **without further information from Defendants***." Id, additionally the Court stated, secondly that: "Accordingly, it is hereby ORDERED that: ' . . . . [2] An answer and written report **shall be filed with the court and a copy served upon Plaintiff on before February 19, 2008. Id.** Also, thereinafter at page 2, the Court stated: "**All defenses including immunity defenses must be set forth in the written report of such defenses may be waived . . .**" Id.

State officials acting in their individual capacities are not protected by the sovereign immunity conferred by the Eleventh Amendment. *See Harden v. Adams,* 760 F.2d 1158, 1164 (11th Cir. 1985). The Eleventh Amendment also does not bar claims (for monetary or injunctive relief) against the individual Defendants in their individual capacities. *See Dean v. Barber,* 951 F.2d 1210, 1215 (11th Cir. 1992). Thus Brown's

specific named Defendants: "1) Bob Riley, 2) Troy King, 3) Miriam Shehane ("VOCAL") and all three (3) individual defendants 4) Sidney Williams, 5) Velinda Weatherly and 6) Robert Longshore as mentioned are not entitled to the "Eleventh Amendment" immunity, as erroneously mentioned by the magistrate at this inception, *see Adams*, supra.

"Because qualified immunity is a defense not only from liability, but also from suit, it is 'important for a court to ascertain the validity of a qualified immunity defense **"when asserted by the named Defendants"** in the lawsuit.'" *Lee v. Ferraro*, 284 F.3d 1188, 1194 (11th Cir. 2002) (quoting *GJR Invs., Inc. v. County of Escambia*, 132 F.3d 1359, 1370 (11th Cir. 1998)). "The qualified immunity defense may be raised and addressed on a motion to dismiss, and will be granted if the complaint 'fails to allege the violation of a clearly established constitutional right.'" *Smith v. Siegelman*, 322 F.3d 1290, 1294 (11th Cir. 2003) (quoting *Chesser v. Sparks*, 248 F.3d 1117, 1121 (11th Cir. 2001)). Brown maintains that for the Defendants "to [have] received qualified immunity, those official's must first prove [they] were acting within the scope of discretionary authority when the allegedly wrongful acts occurred." *Vinyard v. Wilson*, 311 F.3d 1340, 1346 (11th Cir. 2002). "[A] government official [must] prove that he [or her] acted within his [or her] discretionary authority by showing [the] 'objective circumstances which would compel the conclusion that his [or her] actions were undertaken pursuant to the performance of his [or her] duties and within the scope of his authority.'" *Courson v. McMillian*, 939 F.2d 1479, 1487 (11th Cir. 1991) (quoting *Rich v. Dollar*, 841 F.2d 1558, 1564 (11th Cir. 1988)). At all times relevant to this issue, Brown asserts, maintains that said Defendants usurped their performance of duties and acted outside the scope of his [or her] authority and as such acted without his [or her] discretionary authority.

"Once the defendant establishes that he was acting within his [or her] discretionary authority, the burden shifts to the plaintiff to show that qualified immunity is not appropriate." *Lee v. Ferraro,* 284 F.3d 1188, 1194 (11th Cir. 2002), Brown maintains that such has not been asserted by the dismissed named Defendants. In order to decide if the plaintiff is required to meet the shifted burden, it will be necessary for the court to apply a two-part test. First the court must determine "whether plaintiff's allegations, if true, establish a constitutional violation." *Smith v. Siegelman,* 322 F.3d 1290, 1295 (11th Cir. 2003). In the event the court finds that the allegations do state a constitutional violation, the court must go on to determine "whether the right was clearly established." *Id.* at 1295, Simply put Defendants Riley, King and Shehane were dismissed absent authority and jurisdiction by Magistrate Coody.

The Magistrate's Recommendation (January 10th, 2008 Doc#?) chills, or per se forecloses Brown's right to seek Federal relief for the constitutional abridgments suffered by Defendants: "1) Riley, 2) King and 3) Shehane," inclusive to the remaining named Defendants: "4) Williams, 5) Weatherly and 6) Longshore," absent the first three named defendants "raising or perhaps first asserting themselves a consent, or an otherwise affirmative defense" does not allow the Courts to *sua sponte* invoke such immunity for them, since Brown's "suit" was in fact against specific named defendants and not against the "State" itself, nor did Brown seek a[ny] monetary relief, but only declaratory and future injunctive relief, thus the Eleventh Amendment proscriptions as applied to this instant case were not applicable to Brown's distinguishable §1983.

Brown respectfully asserts, maintains that <u>Young</u> supra, and its progeny provide for prospective injunctive relief for ongoing violations of federal law, worthy of this Court's judicial scrutiny under the United Supreme Court's holding in *Wilkinson v.*

*Dotson*, 544 U.S. 74, 161 L.Ed.2d 253, 125 S.Ct. 1242 (2005). Brown asserts, maintains that at least five other known Plaintiffs have filed, individual §1983 suits against these same specific named Defendants, above, whereas Brown requests that this Court *"take judicial notice"* of the ongoing Federal Constitutional violations both *"pending"* and at present *"rising,"* see *1) Willie Lee White, #140147 @ 2:07-CV-1080-MHT, before Magistrate T. Moore, 2) Patrick Joseph Charest, #182262 @ 2:07-CV-984-MHT, before Magistrate Walker, 3) Ronald Sutton #210657 @ 2:08-CV-0003-MEF, before Magistrate Walker, 4) Anthony L. Carey #152763 @ 2:07-CV-1106-MHT, before* Magistrate T. Moorer, *5) Bernies Burnett, #132146 @ 2:08-CV-22-WKW before Magistrate T. Moorer* with respects to how Alabama state prisoners are *arbitrarily, capriciously and unconstitutionally being* denied "fair" Parole consideration inapposite to both <u>Wilkinson v. Dotson</u>, supra, and *Greenholtz v. Nebraska*, 442 U.S. 1, 7, 99 S.Ct. 2100, 2104, 60 L.Ed.2d 668 (1979) progeny's —being evaded plenary review by this Circuit's Magistrate Coody.

In the present case, Brown's Complaint sought a simply declaration that certain acts by specific named Defendants be ruled unconstitutional and unlawful and asked the Court to enjoin such practices and take remedial action to ensure that the Defendants comply with all such laws in the future. As such, the *Ex Parte Young* exception applies and there was no rational basis for dismissal of Defendants Riley, King nor Shehane. Accordingly, the *sua sponte* Dismissal based on the Eleventh Amendment should be reversed. See *Ex Parte Young*, 209 U.S. at 159-160; *Sandoval v. Hagan*, 197 F.3d. 484, 492 (11th Cir. 1999); *Occean v. Kearney*, 123 F. Supp.2d 618, 621 (S.D. Fla. 2000).

WHEREFORE PREMISES SHOWN, Brown prays that this Court would *GRANT* the above styled Objection under the exceptional clause invoked above, as applied to this instant cause of action under the special facts argued above, or other alternative relief this District Judge affords this pro se pleading.

Done so this January 18th, 2008.

Respectfully submitted,

Johnny Brown #110326

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have served a true and correct copy of the OBJECTION upon the Honorable D. Hackett –for delivery upon the District Judge M. Thompson for proper judicial review, placing said same in the U.S. mailbox –properly addressed as Post Office Box #711, Montgomery, Alabama 3610-0711.

Done so this January 18th, 2008.[1]

Respectfully submitted,

Johnny Brown #110326

---

[1] Brown asserts, he utilized the ADOC legal mail services for delivery of this OBJECTION, placing in Limestone's Mail Box, in accord with *Houston v. Lack*, 487 U.S. 266, 276, 108 S. Ct. 2379, 101 L. Ed. 2d 245 (1988) ("[T]he time petitioner delivered it to the prison authorities for forwarding to the court clerk."), and *Adams v. United States*, 173 F.3d 1339, 1341 (11th Cir. 1999) (holding that a *pro se* prisoner's motion to vacate is deemed filed on the date it is delivered to prison authorities for mailing).

JOHNNY L. BROWN #110326
28779 NICK DAVIS Rd.
HARVEST, AL. 35749
   (I-dorm, 058B)

#110326
Case No# 2:07-CV-1123-MHT(wo)



HUNTSVILLE / HVS
AL 358 2 T
23 JAN 2008 PM

℅ CLERK:
UNITED STATES DISTRICT COURT
POST OFFICE BOX 711
MONTGOMERY, AL. 36101-0711

36101+0711