IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

|  |  |  |
|---|---|---|
| JOHNNY BROWN, AIS# 110326, | ) ) ) | |
| Plaintiff, | ) ) | |
| Vs. | ) ) | Case # 2:07-CV-1123-MHT |
| Alabama Board of Pardons And Paroles, et al., | ) ) ) | |
| Defendants. | ) | |

## ANSWER

Come now the Defendant Alabama Board of Pardons and Paroles and its members, Sidney Williams (retired), VeLinda Weatherly, and Robert Longshore, in response to Plaintiff's (hereafter "Brown") §1983 claims and submits the following in response thereto:

**Our Understanding of Plaintiff's Claims**

Brown is serving a "life" sentence for Murder received in 1978 from Dallas County, Alabama. He has been considered for parole numerous times, being denied each time. He was last considered on 4-2-2007, was denied and set for further parole consideration in April 2011 *(Exhibit A)*. Brown challenges this denial of parole in the action at bar, claiming:

1

1. that he was not fairly considered for parole in violation of his constitutionally protected right to due process.

2. that he was treated differently than other inmates in violation of his constitutionally protected right to equal protection.

2. that the Board relied upon false information in denying his parole.

3. that the Board violated the Ex Post Facto Clause of the Constitution when they set his next parole consideration date off 5-years instead of 3-years, which was the practice when he entered the prison system.

Mr. Brown seeks injunctive relief in the form of another parole consideration hearing and to prevent the Board from setting his next parole consideration hearing 5-years for the date of denial. He further seeks monetary damages.

**Exhibits**

| | |
|---|---|
| Exhibit A | Board Action Sheet denying parole dated 4-2-2007 |
| Exhibit B | Affidavit of Sidney Williams[1] |

---

[1] Sidney Williams is the former Chairman of the Board (now retired) and not readily available to sign his affidavit. It will be submitted A.S.A.P., not to exceed a couple of days.

2

```
Exhibit C      Affidavit of VeLinda Weatherly
Exhibit D      Affidavit of Robert Longshore
Exhibit E      Article Two, Rescheduling of
               Consideration, Board Operating
               Procedures, adopted 2-23-2004.
```

### Defendants Answer and Legal Arguments

The Board and its members deny each and all of Mr. Browns allegations and demands strict proof thereof.

*Due Process:*

Brown claims he was denied due process in his 2007 parole consideration. The law is well settled that Alabama has a discretionary paroling system and inmates serving time in Alabama prisons have no liberty interest to parole that is protected by the due process clause of the Constitution. *Thomas v. Sellers, 691 F.2d 487, 489 (11th Cir. 1982); Ellard v. Alabama Bd. of Pardons and Paroles, 824 F.2d 937,942 (11th Cir.1987).* The law is well settled that the mere possibility of parole provides simply a hope that is not protected by due process. *Greenholtz v. Inmates of the Nebraska Penal and Correctional Complex, 442 U.S. 1 (1979).*

*Equal Protection:*

In order to establish a claim cognizable under the Equal Protection Clause, a prisoner must demonstrate

the (1) he is similarly situated with other prisoner who received more favorable treatment; and (2) his discriminatory treatment was based on some constitutionally protected interest such as race. Damiano v. Fla. Parole & Prob. Comm'n, 785 F.2 929, 932-33 (11th Cir. 1986); Jones v. Ray, 279 F.3d 944, 946-947 (11th Cir. 2001). Moreover, to succeed on an equal protection challenge, the plaintiff must also demonstrate the existence of discriminatory intent; arbitrary application of prison rules without discriminatory intent is insufficient to demonstrate a violation of the Equal Protection Clause. *Jones v. White, 992 F.2d 1548, 1573 (11th Cir. 1993); E&T Realty v. Strickland, 830 F.2d 1107 (11th Cir. 1987).* Official action will not be held unconstitutional solely because it results in a disproportionate impact. Proof of discriminatory intent or purpose is required to show a violation of the Equal Protection Clause. Where a plaintiff challenges actions of parole officials, exceptionally clear proof of discrimination is required. *Fuller v. Ga.Bd. of Pardons and Paroles, 851 F2d. 1307, 1310 (11th Cir. 1988).*

*Fair Parole Consideration:*

Mr. Brown claims he was not fairly considered for parole. Vague and conclusory allegations of conspiracy will not support a §1983 claim. *Fullman v. Graddick,* 739 F.2d 553, 556-557 (11th Cir. 1984). Mr. Brown does not support his allegations with any facts to which the Board may adequately response.

*False Information:*

Mr. Brown claims that false information was relied upon by the Board in making their decision to deny his parole.

In *Monroe v. Thigpen,* 932 F.2d 1437 (11th Cir.1991), the court held that reliance on "admittedly" false information to deny parole was arbitrarily and capricious treatment that violated the constitution. However, the instant case is controlled by *Slocum v. Georgia State Bd. of Pardons and Paroles,* 678 F.2nd 940 (11th Cir. 1982). The Slocum court held that prisoners do not state a due process claim by merely asserting that erroneous information exist in a prison's file. Moreover, prisoner cannot make a conclusory allegation regarding the use of false information as the basis of

5

a due process claim. *Jones v. Ray, 279 F.3d 944, 946 (11th Cir.2001).* In the case at bar, the Board has denied relying on or using "known" false information in making the paroling decision concerning Mr. Brown. *(See Exhibit B, C, and D).*

### *Ex Post Facto:*

Mr. Brown claims the Board violated the Ex Post Facto Clause when they changed the maximum number of years an inmate may be set off after parole denial before their next parole consideration hearing.

The issue of whether or not the Board's Operating Procedures violate the *Ex Post Facto Clause* has already been addressed by the United States Supreme Court. The Operating Procedures are modeled after procedures adopted by the Georgia Board of Pardons & Paroles and upheld by the U.S. Supreme Court, *Garner vs. Jones*, 120 S.Ct. 1362 (2000) *(Exhibit E)*. The Board's Operating Procedures do not violate the *Ex Post Facto Clause*.

### *Injunctive Relief:*

Mr. Brown seeks to have an immediate parole consideration hearing and to have his reset date changed to a 3-year setoff, instead of the current 5-

6

year setoff. Alabama Code §15-22-24 states, *"The Board of Pardons and Paroles ... shall be charged with the duty of determining what prisoners ... may be released on parole and when and under what conditions"*.

Alabama Code §15-22-37 states, *"The Board of Pardons and Paroles may adopt and promulgate rules and regulations ... touching upon all matters dealt with in this article, including, among other, practice and procedure in matters pertaining to paroles ..."*.

Considering the ex post facto arguments, supra., and these statutes, the Board has acted within its discretion and authority in making the reset decision. Mr. Brown's injunctive relief is due to be denied.

***Immunity from Suit and Damages*** *– the Board and its Members:*

The Board in not subject to suit or liability under §1983. The Eleventh Amendment bars suit directly against a state or its agencies, regardless of the nature of relief sought. *Papasan v. Allain*, 478 U.S. 265 (1986); *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89 (1984).

7

Parole Board members are entitled to quasi-judicial immunity from suits requesting damages based upon decisions to grant, deny or revoke parole. Fuller v. Georgia State Board of Pardons and Paroles, 851 F.2d 1307 (11th Cir. 1988); Cruz v. Skelton, 502 F.2d 1101, 1101-02 (5th Cir. 1974). The Board's actions complained of in this action relate directly to Mr. Brown's parole consideration on April 2, 2007 and therefore not subject to a §1983 action for damages.

## **CONCLUSION**

Plaintiff, Johnny Brown, was fairly considered for parole and his set-off was within the Board's operating procedures.

Alabama parole statues are discretionary in nature and inmates are not entitled to due process protection.

Mr. Brown has failed to state a claim concerning equal protection. He fails to show he is similarly situated with others that were treated more favorably than he and that the disparity in treatment was due to a protected class.

Mr. Brown's conclusory allegations concerning false information fails to state a claim.

The Board's Operating Procedures, concerning reconsideration following denial, were modeled after those in Georgia and in light of *Garner v. Jones, supra.*. The Alabama Parole Board's Operating Procedures do not violate the Ex Post Facto Clause.

The Board and its member are immune from monetary damages in a §1983 action.

The Board acted within its discretion and authority concerning Mr. Brown's parole consideration and reset date. Mr. Brown's injunctive relief is due to be denied.

    Respectfully submitted,

    TROY KING.
    ATTORNEY GENERAL
    KIN047

    GREGORY O. GRIFFIN, SR.
    CHIEF COUNSEL
    GRI026

    s/STEVEN M. SIRMON
    ASSISTANT ATTORNEY GENERAL
    State Bar#: ASB-5949-S61S
    Ala. Bd. Pardons and Paroles
    P.O. Box 302405
    Montgomery, Alabama 36130
    Telephone: (334) 242-8700
    Fax: (334) 353-4423
    Steve.Sirmon@alabpp.gov

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: None ; and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants, individually:

Johnny Brown, AIS # 110326
Limestone Correctional Facility
28779 Nick Davis Road
Harvest, Alabama 35749

Done this 3rd day of March, 2008.

Respectfully submitted,

s/STEVEN M. SIRMON
ASSISTANT ATTORNEY GENERAL
State Bar#: ASB-5949-S61S
Ala. Bd. Pardons and Paroles
P.O. Box 302405
Montgomery, Alabama 36130
Telephone: (334) 242-8700
Fax: (334) 353-4423
Steve.Sirmon@alabpp.gov

STATE BOARD OF PARDONS AND PAROLE,
MONTGOMERY, ALABAMA

ACTION BY THE BOARD

NAME BROWN JOHNNY L         AIS# 110326              DOCKET 11/2006
                                                     1/3   10/13/1986

PAROLE IS THIS DAY ORDERED _____ BY: _____

MY REASONS FOR FAVORING PAROLE OF THE PRISONER ARE AS FOLLOWS:
_____ SUBJECT HAS SERVED SUFFICIENT PORTION OF SENTENCE.
_____ INVESTIGATION HAS BEEN MADE OF SUBJECT.
_____ SUBJECT'S PAROLE PROGRAM IS ACCEPTABLE.
_____ PRISON AUTHORITY REPORT IS SATISFACTORY.
_____ UPON ACCEPTANCE BY (STATE OF) _____.
_____ I AM OF THE OPINION THAT THERE IS A REASONABLE PROBABILITY THAT
       IF THE PRISONER IS RELEASED, (HE/SHE) WILL LIVE AND REMAIN AT
       LIBERTY WITHOUT VIOLATING THE LAW, AND THAT (HIS/HER) RELEASE
       IS NOT INCOMPATIBLE WITH THE WELFARE OF SOCIETY.
_____ INTERVIEWING PAROLE OFFICER RECOMMENDS.
_____ OTHER _____

MEMBER _____  DATE _____

MY REASONS FOR FAVORING PAROLE OF THE PRISONER ARE AS FOLLOWS:
_____ SUBJECT HAS SERVED SUFFICIENT PORTION OF SENTENCE.
_____ INVESTIGATION HAS BEEN MADE OF SUBJECT.
_____ SUBJECT'S PAROLE PROGRAM IS ACCEPTABLE.
_____ PRISON AUTHORITY REPORT IS SATISFACTORY.
_____ UPON ACCEPTANCE BY (STATE OF) _____.
_____ I AM OF THE OPINION THAT THERE IS A REASONABLE PROBABILITY THAT
       IF THE PRISONER IS RELEASED, (HE/SHE) WILL LIVE AND REMAIN AT
       LIBERTY WITHOUT VIOLATING THE LAW, AND THAT (HIS/HER) RELEASE
       IS NOT INCOMPATIBLE WITH THE WELFARE OF SOCIETY.
_____ INTERVIEWING PAROLE OFFICER RECOMMENDS.
_____ OTHER _____

MEMBER _____  DATE _____

MY REASONS FOR FAVORING PAROLE OF THE PRISONER ARE AS FOLLOWS:
_____ SUBJECT HAS SERVED SUFFICIENT PORTION OF SENTENCE.
_____ INVESTIGATION HAS BEEN MADE OF SUBJECT.
_____ SUBJECT'S PAROLE PROGRAM IS ACCEPTABLE.
_____ PRISON AUTHORITY REPORT IS SATISFACTORY.
_____ UPON ACCEPTANCE BY (STATE OF) _____.
_____ I AM OF THE OPINION THAT THERE IS A REASONABLE PROBABILITY THAT
       IF THE PRISONER IS RELEASED, (HE/SHE) WILL LIVE AND REMAIN AT
       LIBERTY WITHOUT VIOLATING THE LAW, AND THAT (HIS/HER) RELEASE
       IS NOT INCOMPATIBLE WITH THE WELFARE OF SOCIETY.
_____ INTERVIEWING PAROLE OFFICER RECOMMENDS.
_____ OTHER _____

MEMBER _____  DATE _____

SPECIAL CONDITIONS _____
_____

CONTINUED TO _____

PAROLE IS THIS DAY DENIED  4-2-07          BY:           RESET
DATE                MEMBER                                4-3-011
4-2-07              [signature]
4-2-07              [signature]                           4-2011
REMARKS


EXHIBIT A

STATE OF ALABAMA )
)
MONTGOMERY COUNTY )

### AFFIDAVIT

BEFORE ME, the undersigned authority for said County and State, personally appeared **VeLinda A. J. Weatherly,** who is known to me, and after being duly sworn, deposed and said as follows:

"My name is **VeLinda A. J. Weatherly.** I am currently a member of the Alabama Board of Pardons and Paroles with my principle office locate at 301 South Ripley Street, Montgomery, Alabama 36104.

'I have reviewed the agency's record concerning the parole hearing of **Johnny Brown, AIS# 110326,** and determined that I did not participate in the vote to deny his parole on April 2, 2007. I deny all allegations made against the Board in this matter and against me personally. I have taken no action in this case to deprive Mr. Brown of any due process or equal protection right to which he may be entitled. I further deny relying on any "known" false information in making parole decisions. The Board's procedures in resetting parole consideration hearings have been challenged on ex post facto grounds and upheld. I have not acted contrary to any clearly established law in making parole decisions."

VeLinda A. J. Weatherly, Associate Member
**Alabama Board of Pardons and Paroles**

SWORN TO AND SUBSCRIBED before me this 3rd day of March 2008.

NOTARY PUBLIC
Commission Expire: 10/10/08

EXHIBIT
C

**STATE OF ALABAMA** )
)
**MONTGOMERY COUNTY** )

## AFFIDAVIT

BEFORE ME, the undersigned authority for said County and State, personally appeared **Robert P. Longshore,** who is known to me, and after being duly sworn, deposed and said as follows:

"My name is **Robert P. Longshore** and I am currently a member of the Alabama Board of Pardons and Paroles.

'I have reviewed the agency's record concerning the parole hearing of **Johnny Brown, AIS# 110326.** I voted to deny Mr. Brown's parole on April 2, 2007 because I was not reasonably satisfied that he could remain at liberty without violating the law and that his release was not incompatible with the welfare of society. I deny all allegations made against the Board in this matter and against me personally.

'I have taken no action in Mr. Brown's case that violates any due process or equal protection right to which he is entitled.

'I further deny relying on any "known" false information in making my decision to deny Mr. Brown parole.

'The Board's procedures in resetting parole consideration hearings have been challenged on ex post facto grounds and upheld. I have not acted contrary to any clearly established law in making parole decisions.

'Nor have I conspired with other officials of the prison system, Attorney General's Office, Governor's Office, or private groups in making my decision. Alabama statutes require this Board to notify certain elected officials and victims and allow them


EXHIBIT D

the opportunity to speak at the Board's open public meeting. This was done in Mr. Brown's case, in compliance with Alabama law."

*[signature]*
ROBERT P. LONGSHORE
ASSOCIATE MEMBER

SWORN TO AND SUBSCRIBED before me this 3rd day of March 2008.

*[signature]*
NOTARY PUBLIC
Commission Expires: 10/10/08

## Article Two
## Rescheduling of Consideration

1. After a prisoner has served a minimum of five years, he may initiate contact with designated officers in the Board's Central Office, who may review the prisoner's progress to determine whether it may be appropriate to schedule earlier parole consideration. Such a rescheduling may be granted only for good cause shown and circumstances bearing on his probability to succeed on parole, not merely because the prisoner is following the rules in prison. If, after appropriate inquiry or investigation, the officer or agent is persuaded that earlier consideration may be proper, he may refer the matter to the Review Committee for consideration. He shall enter in the file the facts supporting his recommendation.
2. Cases involving inmates facing imminent death may be referred to the Review Committee at any time.
3. The Review Committee shall consist of no fewer than five members designated by the Board. Three members constitute a panel. The members shall be senior staff or employees having five years or more experience in the Central Office.
4. The Review Committee may review any cases referred to them for earlier parole consideration, and determine whether it appears to be consistent with society's interest to schedule earlier parole consideration. If at least three Committee members reviewing a case concur in the action, they may reschedule parole consideration earlier than the docket previously set. They shall enter into the file a written statement of the action taken and the reasons for that action, and shall indicate which members of the Committee favored or declined to favor the action. The Review Committee's actions shall take effect immediately.
5. The Executive Director or the Chief Counsel may refer any case to the Review Committee to consider whether rescheduling of consideration is appropriate, notwithstanding any other provision in these Operating Procedures.
6. The Review Committee shall not review any case after the Board has denied or revoked parole on the sentences being served, except as provided herein.
7. If the Board has denied or revoked parole, and scheduled the next consideration three years or more after denial or revocation, the Committee may consider earlier scheduling, but such review shall not begin earlier than eighteen months after the Board has denied or revoked parole.


EXHIBIT E

STATE BOARD OF PARDONS AND PAROLES

## BOARD ORDER

On Monday, 23 February 2004, the Board, convened an open public meeting, with all regular members present. The Board and the senior staff discussed proposed changes to the current rules. During the course of this discussion, various changes were made and agreed upon.

It is, therefore, **ORDERED** that the attached rules of procedure be and they are hereby adopted. The Executive Director shall take reasonable steps to ensure that these rules of procedure are available to the public. All previous orders governing these procedures are hereby repealed.

Done this the 23rd day of February, 2004.

| APPROVED | DISAPPROVED |
|---|---|
| *[signed]* | |
| SIDNEY T. WILLIAMS | SIDNEY T. WILLIAMS |
| CHAIRMAN | CHAIRMAN |
| *[signed]* | |
| NANCY CONN McCREARY | NANCY CONN McCREARY |
| ASSOCIATE MEMBER | ASSOCIATE MEMBER |
| *[signed]* | |
| VELINDA A. J. WEATHERLY | VELINDA A. J. WEATHERLY |
| ASSOCIATE MEMBER | ASSOCIATE MEMBER |