IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

CASE NO.# 2:07-CV-1123-MHT

JOHNNY L. BROWN. A.I.S.# 110326
**Plaintiff,**

**VS.**

ALABAMA BOARD OF PARDONS AND
PAROLES. et al.,
**Defendants.**

**"PLAINTIFF'S RESPONSE TO DEFENDANT'S ANSWER"**

Prepared By:

JONNY L. BROWN. # 110326
Limestone Correctional Facility
28779 Nick Davis Road
Harvest. Alabama
35749-7009

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

Johnny L. Brown, A.I.S.#110326      )
                                    (
              Plaintiff,            )
                                    (
                                    )
      -vs-                          (          Case No.#2:07-CV-1123-MHT
                                    )
Alabama Board of Pardons And        (
Paroles, et al.,                    )
                                    (
              Defendants.           )


**PLAINTIFF'S RESPONSE TO DEFENDANT'S ANSWER:**


        Now comes the plaintiff, Johnny L. Brown, in the above styled cause pursuant to
the answer filed by defendants on or about March 3, 2008. Plaintiff, set forth his response
separate and severally as follows:


        (1). THE ELEVENTH CIRCUIT COURT OF APPEALS, held that [ " denial of
annual parole reconsideration hearing, pursuant to Amendment of board rule to provide
for reconsideration hearing at lease every eight years after denial of parole, violated ex
post facto clause with respect to inmates who, when their crimes were committed, were
entitled, to annual reconsideration  hearings."] See, ***Akins v. Snow, 922 F. 2d 1558 (11th
Cir. 1991).***


        The defendants of the Alabama Board of Pardons and Paroles on April 2, 2007 by
applying plaintiff to its new amended parole law *["Act 1979, No.#79-154 of 2002"]* and
thereby increased plaintiff's time for which plaintiff's next parole/annual reconsideration

hearing review date would be then setting it above the two (2) year time period that was in affect when the plaintiff was convicted and sentenced, February 2, 1978. Defendant violated the plaintiffs' substantial due process rights under the 14th Amendment and the Ex Post Facto clause of the United States Constitution, *Art. 1, Section 10, cl. 1.*

(2) The Defendant submitted bare bone affidavits, the said affidavits do not state what information they relied on to deny the plaintiff's parole, neither of those affidavits stipulate or disclose what the agency records are, or what they consist of that was used in deciding the plaintiff's parole.

(3) The Defendants exhibit [A] is nothing except a blanket document of the board with the plaintiff's name and AIS Number, dated and signed by only two (2) of the parole board members which could have been completed at any time.

(4) The Defendants exhibit [A] disclosed no reliable or sufficient evidence and reason which would support their decision as to why the plaintiff's parole was denied.

(5) The Defendant's have not submitted any evidence in support of their answer tending to support their affidavits. Whether or not on or about April 2nd, 2007, the plaintiff was provided an adequate and fair parole hearing. Therefore, the basis of the Defendants affidavit is not substantiated by the evidence submitted on their behalf.

(6) The question as to whether any due process and equal protection was provided at the hearing by the defendants or what information, reason, or evidence the defendant used in making their decision to deny the plaintiff's parole remain to be answered in order to justify the defendant's actions/pleadings so as to come into compliance with ***Wilkerson v. Dotson, 544 U.S. 74 (2005)***.

(7) The affidavit [exhibit "b"] by the parole board's former chairman, Mr. Sidney T. Williams, asserted that the Alabama stature required the board to notify certain elected officials and victims and allow them the opportunity to speak at the boards' open

meeting. and this was done in Plaintiff Brown's case. in compliance with Alabama law. However. it may be so , yet, the Defendant Williams failed in his affidavit to cite that statute or to submit any evidence which may have substantiated that phase of his affidavit.

**NEVERTHELESS,** the Plaintiff still retains his human rights protected by the Constitution of the United States and this State. requires adequate notice and an opportunity to be heard when one's life. liberty. or property interests are about to be affected by governmental actions. **See,** ***Ex parte Fountain,842 So.2d 726 at 729 (Ala. 2001).***

This. defendant's denied to the plaintiff , and yet: used by defendants against the plaintiff. in that; Alabama should not have a law which may conflict or contravene the Constitution of the United States. then served to      deprived a human being [the plaintiff] of his rights to be heard or adequate due process and equal protection, and yet, still not being able to produce the proper and necessary evidence /records that would justify their actions. See ***Bundy v. Wainwright, 808 F.2d 1410, n (5) at 1414, 1415 (11th Cir. 1987).*** The defendants provided the plaintiff with no information or reason as to why he is constantly being denied for parole.

(8) The defendants [exhibit "A"] shows there was only two board members present on /about April 2nd 2007 at what was supposed to be a three (3) member parole boards action sheet hearing. where the defendants decision violated the Alabama Board of Pardons and Paroles rules. regulations. and procedures Chapter 640 page 7 (paragraph 8) which states in pertinent part ["The board will determine when his case is to be reset but in no event shall it be reset for more than three (3) years from the date of denial"] April 2nd. 2007 until 2011 was defendants decision for the plaintiff.

(9) The material facts in this case is that the plaintiff was arrested in Dallas County. Selma. Alabama on September 30th. 1977. indicted and convicted upon the offense of 1st degree murder and illegally sentenced to a natural life sentence on February 2nd. 1978 to the Alabama State Penitentiary.

Plaintiff, being incarcerated every since the above date and every time the plaintiff went up for parole, the plaintiff has been constantly denied a parole since his first parole consideration hearing of November 1986. Many times the plaintiff was not provided any information as to why and whatever reason was given it would be ["plaintiff not changing while in prison/ have behavior problems"] which is absolutely not true.

The Constitution's Ex post Facto prohibits and forbids the Congress and the States from enacting any law which imposes any punishment  for an act which is not punishable at the time it was committed or imposes additional punishment to that then prescribed. Critical to relief on  a said Ex post Facto clause is not an individual's rights to less punishment, but the lack  or deprivation of fair notice, treatment and governmental restraints when the legislature increases punishment beyond what was prescribed when the crime was consummated (September 30th, 1977). *See **Ex post Facto Constitutional Law** , Art. 1, § 9, cl. 3; Art. 1 §10, cl. 1.*

The Defendants new and additional rules, policies, and regulations adds more punishment on the plaintiff and serves as a continuous method which violates Ex post Facto clauses whereas, the defendants new rules, policies, and regulations extends any new possibility the plaintiff has  had since his conviction and sentence which occurred February 2nd, 1978. Since that time, the maximum that the plaintiff could be set off for the next hearing was two (2) years. Now, the defendants have extended that time (over the thirty years of incarceration of the plaintiff ) to a maximum of five (5) years and applying that new rule and regulation to the plaintiff.

The plaintiff submits that for twenty-three (23) years out of his thirty (30) year period of incarceration on the very same charge, conviction, and illegal sentence currently pending on a ***Rule 32*** petition in the Circuit Court of Dallas County, Selma, Alabama, (Case number CC-77-340.60). Supporting Facts, the plaintiff has never been on parole. ***Carmell v. Texas, 529 U.S. 513, 146 L.ed 2d 577, 120 S.Ct. 1620 (2000); Galder v. Bull, 3Dall 386,390,1,L.ed. 648.***

4

The defendants ongoing violation of plaintiffs substantial due process and equal protection under Ex post Facto clauses applies here to because of defendants excessive and unjustifiable denial of plaintiff's parole for over twenty-**ONE (21)** years out of the thirty (30) years the plaintiff has been incarcerated on the very same conviction and sentence and for support the defendants were making mention of their rules and regulations, in citing certain laws, yet not producing any pertinent information or evidence for this court to determine whether due process was ever determined for the plaintiff based on those rules, regulations, or laws governing the Alabama Board of Pardons and Paroles as applied to *Alabama Code 1975, § 15-22-20, 24-26, 28, 36*. The defendants actions is contravening the Alabama Board of Pardons and Paroles rules, regulations, and procedures under *Art. 4-5* and violating *Art. 5, § 124, Alabama Constitution 1901.*

The above cited rules, regulations, and parole procedures by defendants have been retroactive since 2002 [by Amendment] increased the time of the plaintiffs next parole date will be held from the first two (2) years upon conviction and sentence to a three (3) year time period and now to a current existing five (5) year enhancement which was not in effect at the time of the plaintiffs conviction. See *Akins v. Snow, 922 F.2d 1558 (11th Cir. 1991), U.S.C.A. Const. Art.1 § 10, cl. 1.*

The defendants have not produced any medical, or psychological records that would show whether the plaintiffs behavior is the same as it was thirty (30) years ago. Neither have the defendants produced evidence showing that the plaintiff was ever provided with a fair and proper parole hearing. See *Wilkinson v. Dotson, 544 U.S. 74 (2005).*

(10) In retrospect, the defendant, Sidney T. Williams submitted affidavits asserting Alabama has a statue which required the board to notify certain elected officials and victims and allow them the opportunity to speak at the board's open public meeting and concluded by affidavit this was done in the plaintiffs, Mr. Brown's case. However, the minutes of that record was not and has not been produced by the defendant. **Neither** have the defendants admitted whether that information ["whatever it may have been"] was used in the boards' decision making, where no reason by the board or pertinent

5

Information been provided to this court as to why the plaintiff's parole was denied and eligibility set-off in the time frame it was on April 2nd, 2007. **NEVERTHELESS,** the defendants exhibit [E] paragraph [3] substantiates that, and I quote: ["the review committee shall consist of no fewer than five members designated by the board.. Three (3) members constitutes a panel. The members shall be senior staff or employees having five (5) years or more experience in the central office"]. Whereas prior to that, defendants exhibit ["A"] shows only (2) members have signed the document showing they were present on April 2nd, 2007 which was  what appears to be plaintiff's last parole hearing. *HOWEVER,* that evidence do not confirm the Rules and Regulation of the Board where three (3) members was required. The evidence presented by defendants [exhibit "A"] did not meet/confirm with defendant's exhibit "E" paragraph (3) due process. Based on defendants actions, said defendants in actuality have not produced antyhing concrete that would show by their own rules, policies and regulations whether plaintiff received a fair and impartial parole hearing. **Greenholtz v. Nebraska Penal Inmates,** 442 U.S. 1, 60 L. Ed. 2d 668, 99 S. Ct. 2100; **Gross v. Dretke,"Lexis"** 8560 at 163 L. Ed. 2d 565. (2007)

Defendant's new annual reconsideration parole guideline setting for the plaintiff violates the Ex Post Facto Clauses, the substantive due process and equal protection which should be provided the plaintiff by the defendants when determining a parole release or guideline setting for the plaintiff. *ACCORDING,* to the Ex Post Facto Clause defendants should apply their annuan parole reconsideration/eligibility guideline that was in affect at the time of the plaintiff's conviction and sentence ["when the time of that crime by plaintiff was consumated"] February 2. 1978.

(11) A violation of the Ex Post Facto Clause was structured by defendants when they placed the plaintiff under a new annual reconsideration/eligibility parole guideline setting and constructed new Rules and Regulations for the plantiff to comply with that's bias and impartial to the plaintiff who have already served a period of thirty (30) years on his  conviction and sentence, thereby trying to withstand the fact said defendants/parole board's guideline settings has changed three (3) times since plaintiff  was convicted and sentenced ["changes were made from two(2) years to three(3) years and now, currently at Five(5) years"].

**Plaintiff's**  supporting fact as they applies to a civil claim in this action where defendants are holding the plaintiff based on the ***trial-court's judgment***  authorizing the plaintiff's confinement is the result of an illegal sentence decreed upon the plaintiff in violation of State Statutes, Laws and Constitution so the sentence defendants retaining the plaintiff under are invalid and thus, violates the plaintiff's civil rights which are fruther being vindicated by governmental agencies service to keep the plaintiff illegally incarcerated by ***obstructing justice***  through a parole setting/release and the other abusively not rendering a ruling on the post-conviction Rule 32 Petition governing the basis for this cause of action

All this kind of action by defendants/parole board adds more punishment to the plaintiff in violation of the ***Constitutional Ex Post Facto Clauses, Alabama Constitution 1901,Article (1) Sections 4 and 6; United States Constitution Amentments 1, 5, 6, and 14.*** Whereas, even through a  parole proceeding defendants as agencies of the State,

7

allows other constitutents to come forth ["exhibit "B"] and voice their opinions about the plaintiff 's possible release whom they have not seen in thirty(30) years, some never have had an encounter or experience with the plaintiff or an evaluation of the plaintiff, yet; the plaintiff *not allowed to be heard on his behalf at his own parole hearing* concerning his life, liberty and productivity but under these circumstances a decision  of parole denial and eligibility was made by defendants in the absence of any current up-to-date *psychological evaluation* which the plaintiff have not had one in over ten (10) years.

Defendants/parole board's decision making process and new parole annual reconsideration guideline setting violates the plaintiff's eligibility for parole because under the process /procedure by defendants parole settings, it deprives plaintiff of substantive due process, and the equal protection guaranteed under the Federal and State Constitution, because once in the Alabama penal-system an inmate's parole eligibility has Been set-off over three(3) years, the Alabama Department of Corrections then changes that inmates security status which requires an A.D.O.C., *Inmates Reclassification as* 𝕀 *have also encountered. See,* <u>Akins v. Snow,</u> 922 F. 2d  1558 (11th Cir. 1991).

*THE ELEVENTH CIRCUIT COURT OF APPEALS, FURTHER HELD THAT;* "The Supreme Court's ex post facto rulings have been faithful to the original principle that "every law that changes the punishment, and inflicts a greater punishment than the law annexed to the crime when committed", violates the ex post facto provision..See. <u>Miller v. Florida,</u> 482 U. S. 423, 429, 107 S. Ct. 2446, 2450, 96 L. Ed.

2d 351 (1987); **Weaver v. Graham,** 450 U.S. 24, 28,101 S. Ct. 960, 67 L. Ed. 2d 17 (1981); **Dobbert v. Florida,** 432 U.S. 282, 292, 97 S. Ct. 2290, 2298, 53, L. Ed 2d 344 (1977); **Lindsey v. Washington,** 301 U. S. 397, 401, 57 S. Ct. 797, 799, 81 L. Ed. 1182 (1937); **Rooney v. North Dakota,** 196 U. S. 319, 324-325, 25 S. Ct. 264, 265-266, 49 L. Ed. 494 (1905); **In re Medley,** 134 U. S. 160, 171, 10 S. Ct. 384, 387, 33 L. Ed. 835 (1890); **Cummings v. Missouri,** 71 U. S. 277, 325-326, 18 L. Ed. 356, 363-364 (1867); *Calder v. Bull,* 3 U. S (( *Dall.* ) ) 386, 390, 1 L. Ed. 648, 650 (1798).

(12) The plaintiff liberty interest in a parole is created when State Statute, practice, or regulation provides for *"expectancy"* of parole and limits official discretion to deny plaintiff's parole. U.S.C.A., Const. Amend. 14. See, **Monroe v. Thigpen,** 932 F. 2d 1437 (11th Cir. 1991). *See, plaintiff's Section 1983 grounds numbered (2) and (3) and supporting facts thereto…*

**Defendants**/parole board action on the basis of their current procedure to deny plaintiff's parole violated plaintiff's rights under *Article 1, Section 22, of the Constitution of the State of Alabama, and under Article 1, Sections 9 and 10, of the Constitution of the United States.* It's violations of both Federal and State Constitution for defendants to apply their new Rules, Regulations and Procedure to the plaintiff and deny him parole on the basis of public undisclosed records where those records contains false information, especially, on the plaintiff's sentence.

The Due Process Clause prohibits state from negating by their actions rights that they have conferred by their words. See, **Ellard v. Alabama Bd. Of Pardons And Paroles,** 824 F. 2d 937 (11th Cir. 1987); Also, **Alexander v. State,** 475 So. 2d 628 (Ala. 1985). Together, Constitution, Article 1, Sections 1, 6, and 22 have been interpreted to guarantee equal protection of the laws. **Cooley v. Knapp,** 607 S0. 2d 146 (Ala. 1992), cert. Denied, 507 U. S. 992, 113 S. Ct. 1601, 123 L. Ed. 2d 163 (1993).

## DEFENDANTS TREATMENT OF PLAINTIFF
## DISSIMILAR TO OTHER INMATES :

(1) Defendants/Parole Board over the thirty (30) years time period Plaintiff been confined, defendants/parole board have granted paroles to other inmates similar situated with similar conviction and sentence as the plaintiff, some of those inmates granted parole by defendants/parole board **hAVE**, not, and did not served the extensive amount of time the plaintiff have served and still remains incarcerated because of constant parole denial by the Alabama Pardons and Paroles Board. See. *Inmates Of Nebraska Penal, Etc. v. Greenholtz,* 576 F. 2d 1274 (1978).

(2) A Federal Investigation into this unconstitutional bias and discriminatory issue would absolutely prove to be true upon a general Federal evaluation/review of defendants/parole board's agency records which may be the only solution to this systematic problem.

(3) Defendants/parole board adopted new *["bias and discriminatory"]* procedure for inmates parole eligibility have placed the plaintiff under an A.D.O.C. *["Alabama Department Of Corrections"]* Populated administrative segregated classification status with very limited privileges, whereby the plaintiff while under this new adopted procedure *["Act 1979, No.#79-154, Amendment"]* have suffered losted of all *minimum custody, work release status and prohibited from honor camps/community programs* while other inmates similar situated are allowed to exercise those particular privileges. See. *McCray v. Sullivan,* 559 F. 2d 292 (5th Cir. 1977).

(4) Defendants/Parole Board persistant on-goingly have set the plaintiff off for parole dissimilar to other inmates for an approximately ten (10) times beginning from November 1986 until April 2nd 2007 and basically giving the plaintiff nothing to justify their action while due process substantially requires defendants/agency to be fair and impartial in their actions. See, **Strong v. Alabama Board Of Pardons And Paroles,** 859 So. 2d 1201 (Ala. Crim. App. 2001**,cert denied 859 So. 2d 1201 at 1205 (2001)    ["Strong's allegation remained unrefuted, because the defendant/Board took the position that no prisoner is entitled to parole and the Board is not required to disclose any documents presented or relied on at its hearing, however, the reviewing court accepted Strong's allegation as true and ordered the Alabama Board Of Pardons And Paroles to conduct another parole hearing for John David Strong, plaintiff"].**

(5) *Plaintiff,* Submits that said new Amended law, Rules and Regulations by Defendants/Parole Board are promulgated/interpreted and applied against the plaintiff in violation of his Constitutional Rights and the **Ex Post Facto Clause Article 1, Section 10, cl. 1 Constitution Amendment** . See. *Akins v. Snow,* 922 F. 2d 1558 (11th Cir. 1991). Defendants/Board, granted parole release to these inmates who was also similar situated as the plaintiff, inmates. Ricky Grice , Charles Farenelli and D. Herron.

(6) *Plaintitiff,* asserts that the sentencing information which the Defendants/Board relying upon is false because plaintiff current sentence is not govern by any Alabama Law or Statute and was imposed by the Court in violation of Code Alabama 1975 Sections 13-1-74 and 15-18-20. *Toler v, State,* 371 So. 2d 468. 469 (Ala. Crim. App.

1979); ***Thomas v. State,*** 365 So. 2d 1013 (Ala. Crim. App. 1978), **cert. Denied,** 365 So. 2d 1014 (Ala. 1979). Whereas this issue by the plaintiff are currently pending in the trial court of Dallas County, Selma, Alabama since March 28, 2007 resting upon the basic dictum of ***Apprendi v. New Jersey,*** 530 U. S. 466 at 490 (2000) and ***Carmel l v. Texas,*** 529 U. S. 513, 146 L. Ed 2d 577 at 588, 120 S. Ct. 1620 (2000).

The material fact about this is that the plaintiff are incarcerated upon an **enhanced sentence by the trial Judge who was not authorized by Statute to fix/set punishment, and the trial record/transcript reflects this fact where the State's Attorney filed rebuttal/response to the pending Rule 32 petition but could not refute this material fact.** This being true in retrospect, and now meaning the defendants/Parole Board have not a valid existing sentence to release the plaintiff upon because the trial Judge/Court violated the Plaintiff's Rights to trial by jury under ***Alabama Constitution 1901, Article 1, Sections 6 and 11; U. S. C. A., Const. Amends. 5th, 6th and 14th.***

***The Ex Post Facto Clause*** was violated against the plaintiff from the very beginning of plaintiff's trial resulting into the trial Judge unlawfully sentencing the plaintiff in **Contravention** of the Alabama Statute, violating the Constitutional law of the Ex post Facto Clause under ***Carmell v. Texas,*** and the applicable Alabama Statute to which the plaintiff was indicted, tried and convicted ["***the trial Judge did not have jurisdiction or subject matter jurisdiction to sentence the plaintiff, and in doing so; the trial Judge exceeded and set punishment above the statutory law, thereby making the***

*plaintiff's sentence unauthorized by law under excess of jurisdiction"]* See. **Glover v. Hargett,** 56 F. 3d 682 at 685 (5th Cir. 1995).


## CONCLUSIONS:


*Plaintiff's,* parole on-going parole denial and previous denial April 2nd 2007 was the direct results of Alabama's unconstitutional political policy orchestrated by pardons and paroles board of Alabama predisposing the plaintiff of unfair and impartial hearing so as to render that hearing process fundamentally unfair by treating plaintiff dissimilar with respect to the laws compared to non-violent offenders. inapposite and with deprivation of the plaintiff's due process and equal protection of the Federal and State Constitution.


*Plaintiff, maintains* that defendants obverted act on their new procedure were used by defendants/Parole board against the plaintiff arbitrary and capriciously to deny plaintiff of the discretionary review for proper consideration where plaintiff by defendants actions was not set-up as a complete board the day of plaintiff's hearing on *April 2nd 2007.* [Exhibits **"E** and **A"**]. Moreover. defendants/Parole Board failed to comply with Alabama Rules. Regulations and Procedures of the Board of Pardons and Paroles under ***Chapter No.# 640-x-2.***

13

**On April 2nd 2007 that** hearing was constructed by only two (2) members and was based upon erroneous and false information of the Parole Board/agency record absent of any first hand knowledge, visits or anything to authenticate, verify their assertions or their constituents of some adverse party while depriving the plaintiff of his **First Amendment Right, to be heard** where their governmental actions affects the life and liberty interest of the plaintiff. **_Ex parte Fountain,_** 842 So. 2d 726 at 729 (Ala. 2001).

**_Plaintiff,_** submits that even the information contained in defendants/agency record concerning the plaintiff's sentence is false information which also occurred in violation of the **_Ex post Facto Clause under Carmell v. Texas, (2000), all on the basis of the plaintiff's conviction._** This all amount to the fact defendants/parole board retroactively in 2002 ( by amendment ) increased the time for which the plaintiff's next parole eligibility review date would be to comply with their new **_Act 1979, No.#79-154_** of five (5) years which was not in effe**c̲t** at the time plaintiff was convicted/sentenced. **_February 2, 1978._**

**_Defendants/Parole Board's_** aggregated enactment as applied to the plaintiff, violates **_Ex post Facto Clause under Article 1, Section 10, cl. 1 as applied to Alabama Code 1975, Section 15-22-28(e) said statute mandates defendants actions to be in place when the plaintiff's conviction/sentence were invoked the year 1978, inopposite to the April 2nd 2007 parole set-off of the plaintiff's next review for year 2011._**

14

*Defendants/Parole Board's* conduct in the case at bar violated plaintiff's equal protection and said conduct were inapposite to State Law Doctrine governing the Parole Board's authority, power promulgated by the Legislation of Alabama. Defendants action are contravening the Alabama Board Of Pardons and Paroles  Rules and Regulation Procedure under *Article IV through VI; moreover, violating also Article V, Section 124, Alabama Constitution 1901, and inclusive to usurping Code Alabama 1975, Sections 15-22-20,24,26,28 and 36., inter alias.*

*WHEREFORE WITH PREMISES CONSIDERED:*  The plaintiff pray this Honorable Court grant to plaintiff the prospective declaratory and injunctive relief requested under Section 1983 and any, and all other relief this Federal Court deems just and proper under the Constitutions Of The United States.

Done this 26th day of  March  2008.

*I AM RESPECTFULLY SUBMITTED.*

*Johnny L. Brown pro se: Plaintiff:*

15

## _CERTIFICATE OF SERVICE_:

I, **_Johnny L. Brown_**, hereby certify that I have served a true and correct copy of the foregoing "Plaintiff's Response To Defendant's Answer and Affidavit attached thereto" upon the defendants by placing a copy of the same in the Limestone Correctional Facility, U. S. Mail box, postage prepaid and addressed as follows on this 26th day of March 2008.

**_C/O ATTORNEY FOR DEFENDANTS:_**
Hon. Steven M. Sirmon
Assistant Attorney General
Alabama Board Of Pardons & Paroles
Post Office Box 302405
Montgomery, Alabama 36130

**_RESPECTFULLY SUBMITTED_.**

Johnny L. Brown, pro se; Plaintiff;

16



Johnny L. Brown #110326
28779 Nick Davis Rd.
Harvest, AL. 35749
("I-dorm, 058B")

CASE No. # 2:07-CV-1123-MHT



%o Clerk:
   United States District Court
   Middle District of Alabama
   Post Office Box 711
   Montgomery, AL. 36101-0711

This correspondence is forwarded from
an Alabama State Prison. The contents
have not been evaluated, and the Alabama
Depart...

**STATE OF ALABAMA**                          )
                                              )
**LIMESTONE COUNTY, ALABAMA**                 )

## SWORN AFFIDAVIT:

**BEFORE ME,** *the undersigned authority for said County and State, personally appeared; Johnny L. Brown, who* **is** *known to me, and after being first duly sworn, deposes and says as follows:*

*My name is Johnny L. Brown, the plaintiff in this U. S. District Court proceeding for the Middle District Of Alabama and I am over the age of twentyone and of sound mind...*

**Plaintiff,** *asserts that his understanding based upon the law is that* **Governmental agencies** *between the resulted documentation of his trial to the defendants/Parole Board in regards to plaintiff's conviction and sentence have him detained in violation of the* **Civil Rights Act** *and based upon the incorrect information conjoined between these* **State Agencies** *the plaintiff are being deprived of any rights or privileges secured by the* **Federal Constitution** *to obtain his relief as substantial due process and equal protection requires in support of this Federal proceeding under 42U. S. C. S. § 1983.,*

*The United States Supreme Court held that: ["Purpose of Federal Civil Rights Statute 42 U.S.C.S. § 1983 authorizing action at law suit in equity, or their proper proceedings for redress of deprivation under color of State Law, of rights secured by the*

1

Federal Constitution and Federal Laws is to interpose Federal Courts between States and people as guardians of peoples Federal Rights, and thus to protect people from unconstitutional action under color of State Law, "whether" that action be executive, legislative, or judicial in carring out this purpose, Congress by expressly authorizing suit in equity as one of means of redress , has plainly authorized Federal Courts to issue injunction{s} in Section 1983 action. See, **Mitchum v. Foster,** (1972) 407 U. S. 225, 32 L. Ed. 2d 705, 92 S. Ct. 2151.

Plaintiff's  asserts that the Defendants/Parole Board have the records in their possession/official capacity necessary to determine the ajudication of this proceeding and should be required to release those records/documents upon Court Order, whereby, ["It is clear that the Courts of this Country recognize a general right to inspect and copy public records and documents, including judicial records and documents. Enforcement of this right is generally not conditioned on a **proprietary** interest in the document or upon a need for it as evidence in a lawsuit. Citing: **Nixon v. Warner Communications, Inc.** 435 U. S. 589, 55 L. Ed. 2d 570 at 579, 98 S. Ct. 1306 (1978)**; Strong v. Alabama Board Of Pardons And Paroles,** 859 So. 2d 1201 (Ala. Crim. App. 2001).

Plaintiff, asserts that within the Judiciary Body of his conviction and sentence, the Criminal Court also required by way of Court Order to produce the records necessary to determined "whether" defendants/parole board holding the plaintiff upon a false sentencing document/information in determining the plaintiff's  parole or parole eligibility under their current procedure 640-x-2. [" The obligation to come forward with that State Court record is squarely upon the respondent, not the petitioner."] Citing;

2

*Bundy v. wainwright*, **808 F. 2d 1410, n (5) at 1414, 1415 (11th Cir. 1987).** *Whereas here, the Court's resolution of this issue thus turned primarily on the Federal Law question of the scope of the protection of the due process clause, and not on the State .Law question of the authority by the parole status.*

*Another material fact of law is, the parole board cannot make a decision in plaintiff's case based upon false information, therefore; if the defendants are aware of the plaintiff's serving an illegal-sentence then it would restrain, hamper or alter their decision making in determining "whether" to grant plaintiff a parole release, whereas; under color of State, defendants/Parole Board not required to disclose/reveal such material fact, knowing also that it was a Judicial/Court error in the sentencing.*

*Plaintiff, asserts that in accordance of Law ["the State bears the burden of establishing a clear and complete record"] see,* **Wright v. Lacy, 664 F. Supp. 1270 at 1275 ( D. Minn. 1987); <u>Golden v. Newsome</u>, 755 F. 2d 1478, 1479 ( 11th Cir. 1985 ).**

**Plaintiff, have been on-goingly set-off for parole by the defendants/Parole Board of Alabama since 1986/87 and defendants/Parole Board** *have placed plaintiff under their new parole procedure and/or guideline for parole eligibility which violates the Constitutional Ex Post Facto Clause because defendants/parole board retroactively in 2002 ["by amendment"] increased the time for which plaintiff's next eligibility for parole would be considered, in that; defendants/parole board/agency's record which the defendants relied upon contains false information, especially pertaining to the plaintiff's sentence and behavior.*

*Plaintiff, have not had a psychological evaluation in over ten (10) years. Defendants/parole board decision April 2nd 2007 to deny plaintiff's parole cause the*

3

plaintiff to suffer an A. D. O. C. ["Alabama Department Of Corrections"] reclassification which terminated the plaintiff's minimum custody status, decreased the plaintiff's security status/level and prohibited the plaintiff from work-release or participation in any honor camps or community programs.

The Defendants/Parole Board stated plaintiff sentence to be life for a murder conviction. Plaintiff, was sentenced by Judge, J. C. Norton to a term of ["**natural life**"] in the State penitentiary of Alabama upon a conviction of ["**first degree murder**"] and that sentence was imposed by the trial Judge in complete violation of the Alabama Statute, Code 1975, Sections 13-1-74 and 15-18-20; and in violation of Alabama Constitution 1901, Article 1, Sections 6 and 11. The material fact in this is that the Defendants/Parole Board are relying upon incorrect information to determine the plaintiff's parole, especially where this plaintiff are serving a prison sentence not authorized by, **LAW**.

Plaintiff swore under penalty of perjury that the above information contained herein this affidavit is true and correct to the very best of his knowledge, belief and understanding...

SWORN TO AND SUBSCRIBED BEFORE ME THIS _26_ DAY OF _March_ 2008. Notary Public: _____

My commission expires: _9-26-11_

_Johnny L. Brown, Affiant:_

4